UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case No. 4:22-cr-608 |
| | § | |
| STERLING BRUMANT, | § | |
| Defendant | | |

### DEFENDANT'S MOTION FOR HEARING TO DETERMINE ADMISSIBILITY OF EXTRANEOUS OFFENSES

TO THE HONORABLE DISTRICT COURT:

COMES NOW defendant Sterling Brumant ("Brumant"), through the undersigned appointed counsel, and respectfully requests that any evidence of an extraneous offense not be admitted at the guilt stage of trial unless and until the Court has made a determination of admissibility, outside the presence of the trial jury. In support of this motion, Brumant submits the following.

1.   Count Four of the indictment accuses Brumant of possession of a controlled substance, namely methamphetamine, with the intent to distribute it. The quantity is alleged as "500 grams or more of a mixture and substance containing a detectable amount of methamphetamine." It is alleged that Brumant and a man named Torree White aided "each other and others known and unknown to the Grand Jury" in the specific criminal activity of possessing methamphetamine, *and* Brumant had the intent that he or someone else would distribute it.

2.      A defendant should be tried on the offense alleged in an indictment. Nevertheless, the prosecutors may seek, under Fed. R. Evid. 404(b), to introduce evidence of extraneous offenses if a defendant seeks to testify. The question then becomes whether such evidence must be excluded because it could encourage the jury to believe that Brumant is guilty of this alleged crime because he has committed some similar offense in the past. What must be prevented is the jury's reliance on the theory that "the leopard does not change his spots."

3.      Since a defendant has the right to testify, the prosecutors also might seek to introduce an extraneous offense for purposes of impeachment. This principle has long been recognized in federal criminal trials. Almost fifty years ago, *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976)  stated:

> Federal courts of appeals have set out a number of factors to be considered in weighing the probative value of a conviction against its prejudicial effect. A nonexclusive list of such factors includes (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness' subsequent history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue.

That discussion relied on an earlier analysis by a D.C. Circuit judge (one Warren Burger, who moved higher in the judicial system) in *Gordon v. United States*, 127 U.

S. App. D. C. 343, 383 F.2d 936, 940 (1967).

4.   Count Four alleges that criminal continued from June 1, 2022 through August 11, 2022, such that the prosecutors might seek to use other events during that period to impeach Brumant as a witness. The two sides are apt to disagree as to how the factors discussed in *Gordon* and *Mahone* would apply.

5.   Rule 404(b) requires pretrial disclosure of extraneous offenses. Furthermore, with respect to impeachment evidence, it is better to have an early determination on such evidence, rather than waiting until late in trial, which is when a defendant testifies. Brumant requests that this Court conduct a pretrial hearing on the admissibility of any extraneous offense which the proseacutors propose to use during trial, whether in the Government's case in chief or for impeachment.

**PRAYER FOR RELIEF**

Wherefore defendant Brumant prays that this motion be granted.

Respectfully submitted,

/s/ Winston E. Cochran, Jr.
Winston E. Cochran, Jr.
Texas Bar No. 04457300
P. O. Box 2945
League City, TX 77574
Tel. (713) 228-0264
E-mail: winstoncochran@comcast.net
Counsel for Defendant Sterling Brumant

## **CERTIFICATE OF SERVICE**

I certify that I have on this the 2nd day of October, 2023 electronically served

a copy of this motion on counsel for the United States at the following address:

    AUSA Lisa Marie Collins
    Office of the United States Attorney for the
        Southern District of Texas
    1000 Louisiana Street, Stre 2300
    Houston, TX 77002
    VIA E-MAIL: Lisa.Collins@usdoj.gov

                                      /s/ Winston E. Cochran, Jr.
                                      Counsel for Defendant